Royce Corley v. Singet, et al. Case number 2584. Good afternoon, your honors. May it please the court. Royce Corley, also known as Yisrael Ben-Yehuda, pro se appellant. And today we have three basic issues on appeal. The first one is the statutory limitations defense by the defendants. Also, whether a father can represent pro se a deceased minor. And the third one is the court's error in not recognizing diversity or supplemental jurisdiction over the remaining claims that were dismissed but were dismissed without prejudice. The product liability claim, yes. Yes. So there's two issues in dispute with the statute of limitations. One is, when was my complaint filed? And the second one is, the conduct that occurred, when did that conduct end? So the first issue, which I think is pretty straightforward. The filing issue. Yes, the filing issue. So the issue that, what I believe is straightforward, is I filed the complaint through the pro se's email filing program. On January 23rd. January 23rd. And I got a response back confirming that the complaint was filed January 23rd at 10.50 PM. All right? So their complaint is that that response doesn't prove what was filed. Even though in the subject matter it says civil complaint in such and such matter. So that's pretty straightforward. It's also, so the issue that comes about is because I noticed an error in the complaint that I filed. So I realized, hey, let me try and get this resolved. The issue is related to on the form you got to put jury, whether you want a jury trial, yes or no. And I know that's a critical thing. If you don't put that correctly, you could, you know, waive your right. So I seen there was some, that didn't render property when I converted it to a PDF. So immediately, I would say that was like 27 minutes later, I filed it again and it labeled it as correction. Correction, so I could resolve that as a clerical error. And apparently the clerk just used January 24th as the date based on that correction filing that I did. And that was the only difference between what you filed, basically, between what you filed on January 23rd and what you filed in the direction the following morning. Well, it wasn't the following morning. It was like 10.50 p.m. versus 12.17 a.m. at the midnight. So 27 minute difference in time. All right. So their argument is just that we don't know what was filed. And when they said that, that was in their reply. So I also wanted to go to the court to present more evidence because they brought that up in the final reply. And the court said, no, you can't file no-sir replies. We're going to go based on what you already filed and everything of that nature. Well, we look at this, Mr. Corley, on the record before us. But just to satisfy my curiosity, what more evidence were you hoping to put in if you'd been given the opportunity? Well, the other issue they brought up was some medical records about the time. And you take the view that by the time you left, you were going to be in jail. By the time you left, it was past midnight. Exactly. And you think you have papers that help to show that? Well, it would be in the possession of the defendant hospital. I needed more. Oh, so you wanted what we call discovery. Exactly. I wanted an evidentiary hearing to confirm, not just based on one document that they presented. But they presented that one document about, you know, you understand if you... It was a discharge time. They put 7 p.m. Yeah. And I actually found a medical record that had a later time than that, but it wasn't after midnight. But I still needed more discovery to confirm conclusively when that time was.  So that's what I requested. The court denied evidentiary hearing on that. All right. So the other issue is the time we left the hospital. Yeah. Right? As I said in the complaint, it was approximately six to eight hours' detention that we were in custody. Right? I don't know conclusively was it 11 p.m. we left or was it midnight. That was the other purpose of the evidentiary hearing, to confirm that time. The other thing is pro se representation of a minor that's deceased. And I looked up the case law, and it says in Guest v. Hansen, 603F315, Second Circuit, 2010. It says that if there's a sole beneficiary, then that individual can represent the estate of a deceased pro se. Now, the only complicated issue is that originally my ex-wife, she was in the matter, and then she withdrew herself from it. So at the time, I guess there would be considered two beneficiaries, but since she withdrew, now it's the sole beneficiary. All right? Well, that may not be the case in terms of who's the sole beneficiary of the deceased, the baby that miscarried. Right? Yes. Exactly. Okay. Let me ask you from a practical perspective here. Okay. So the damages really here that you're suing about are the fact that you personally were detained, your ex-wife. Yes, that's one of the issues, yes. What's the injury to the child that you want to know about? So the injury of the child is really related to the company that sold the beverage. That's the primary. But they... But that's not a suit against the hospital, is it? No. Okay. No. So that matter is still alive because, you know, the court dismissed it without prejudice because there was no legal representation for the estate. Right. But in terms of if your case goes forward, streamlining it to what really concerns you, what concerns you is your detention, right? Correct. That's one of the claims. So does it really matter whether you can sue on behalf of the child in this action? It does because it's also damages that the child should receive, I believe, because... For what? She passed. The child was miscarried. Yes. And that wasn't the hospital. No. It's related to the company, the primary defendant. So maybe in this suit against the hospital, it doesn't matter, right? Well, if we're going to completely separate the claims and don't allow me to represent, then that's the case. You won't represent him against the main defendant. Exactly. That's the whole purpose.  All right. The other basis is New York common law recognizes the Bible as a part of the common law. And in my culture as a Hebrew Israelite, I'm permitted to represent any wives that I have, children, et cetera. That's one basis that I believe the court should acknowledge in the New York common law because I believe as far as these circumstances, you have to rely on state law, correct? When it comes to, you know, pro se representation or what's permitted for a representative of a state, correct? So, Mr. Chaparro, do you reserve some time for rebuttal? Yes. One minute. Okay. We're going to hear from you. Let's hear from... We'll hear from you again later. All right. Gotcha. Good afternoon, Your Honors. Alejandra Gill from Mount Sinai Morningside, Dr. Lu. Do you want to put down the podium? Oh, the podium? Yeah. Great. Thank you. All right. Good. Even wore my high heels so I can see you better, but thank you, Judge. The main issue in this case is the timeliness of the complaint. Now, one issue that Mr. Corley did not squarely address in his argument is what exactly was that email that was sent on January 23rd. Mr. Corley is relying solely on the subject that said complaint. It was an automatic response from the court. We don't even know what the body of the email was. All we know is that the subject said complaint. For all we know, it could have been a question that Mr. Corley posed to the clerk about filing a complaint. Is this a burden on you? Is this an affirmative defense? So it seems to me there's an issue of facts based on the email, what was filed when. But it doesn't seem to be on the face of the complaint that he is out of time. Well, right, Your Honor. The complaint that is actually filed on the docket was filed on the 24th, which is the day after the statute of limitations expired. So Mr. Corley had to submit evidence to show that he timely filed it. As the judge in the district court noted, later in the motion papers, he submitted the complete email with the complaint that was filed on the 24th. So clearly Mr. Corley knew how to submit that evidence to the court to show exactly what was filed. He didn't do that for the email that was sent on the 23rd, which is the one he's relying on to say that his action was timely commenced. Well, I guess it seems to me like this is a fact issue that should have been resolved and maybe converted to summary judgment. But it's not something that I don't see how we can decide when exactly what was filed when was based on this document. Are you asking us to do that? Well, Your Honor, we're saying that the evidence that's available, that was available in the lower court, did not establish that the complaint was filed on the 24th, not on the 21st. Mr. Corley had an opportunity at that point to submit conclusive evidence of what was filed on the 23rd, and he didn't do so. He says he filed it. I mean, he's a competent witness on that. He's got direct knowledge. Why isn't it at least premature to conclude that he didn't file it in his first submission to the court? Well, Your Honor, There's been no inquiry of the court as I understand it, and we have someone with direct knowledge who says, Yes, in that first email that I sent to the court, I attached a complaint. Well, Your Honor, respectfully, you think there should have been more evidence submitted to the court? Why? Why? I mean, all you need is evidence at this point, especially that we look at in the light most favorable to the plaintiff. And he says that's when he filed it, and he's got some corroboration. He's got a communication with the court on that day. Correct. But the communication, we don't know what exactly that communication was. And that's what we're going to try and probe and discover. All right. Thank you very much. There's also the problem at the other end, too. Is it there at the date and time that he left the hospital? Yes, Your Honor, and on that issue, we submitted the medical records, which show the discharge time, and there was nothing submitted in opposition. Does this show that anybody who's been in the hospital knows that when the discharge orders are signed and when you actually get to leave, often are not identical? Fair point, Your Honor. So, okay, thank you. Thank you. Good afternoon, Your Honors. May it please the Court. Hannah St. Marie on behalf of the municipal defendants. This Court should affirm both the district court's dismissal of appellant's claims as untimely and its dismissal of the claims of the estate. To respond to a couple of the Court's questions so far, the pertinent question here on untimeliness is whether the facts supporting the statute of limitations defense appear on the face of the complaint, and they do. The complaint itself alleges multiple times that the unlawful imprisonment occurred on January 23, 2021. The Court docketed the complaint. But it certainly began on January 23. I would refer the Court, again, to the phrasing in the complaint itself, which says, on January 23, 2021, and proceeds to describe each of the counts. And I would submit that it's purely speculative. Well, it doesn't say that that's when it ended. No, Your Honor, it doesn't. I mean, we are dealing with a pro se pleading here. Yes, Your Honor. And certainly, pro se pleading should be construed liberally by the Court. But there is a moment at which that turns into pure speculation. And here, I think we need to rely on what the allegations are in the complaint. The allegations are that this occurred on January 23. And that they were detained for six to eight hours, which leaves a window of a couple hours for it to have been accrued on the 24th. That's not speculation. That's just math. Your Honor, taking Appellant's new claims in his argument that they arrived at the hospital at 5 p.m., six to eight hours could be anywhere between 11 p.m. and 1 a.m., as Your Honor says. However, again, in the complaint, it says merely that they arrived in the afternoon on that. And so on the face of the complaint. Right, on the face of the complaint. So the afternoon is, say, 12 to 6 p.m., and then a 68-hour detention within that window leaves you up to 2 a.m. That's not speculation, I don't think. That's your burden as an affirmative defense to show that it's not clear from the face of the complaint. But I would refer the Court again to in the counts themselves when he says when they happened, which happened on January 23. And furthermore, I think the pertinent question for the Court is both when he knew of the harms as they were happening and when the imprisonment ended, which the imprisonment could end when he was able to leave that hospital room, not necessarily when he walked out of the hospital itself. I see that I'm going to have to have more time. You've got 17 seconds. Thank you, Your Honor. Moreover, as the Mount Sinai Defendants Council noted, we have no idea what was in the email that triggered the 11.50 p.m. auto response. It's not we have no idea. We have Mr. Corley's representation of what was in it. We have his representation, and we also have the title of that email. But again, from— Which is consistent with him sending a complaint to the Court, no? I would submit it's consistent with him sending an email that pertained to a complaint. Right. Which could have been the complaint. It doesn't. It doesn't. It hardly belies his assertion that what was attacked and what was included in that email was the complaint, right? Your Honor is correct that it could have— See, you may ultimately succeed on all these arguments. I'm just having a hard time how we conclude as a matter of law on this record that it's untimely. I understand, Your Honor. Okay. And I would just refer the Court again to the question is what is on the face of the complaint here. Okay. All right. Thank you very much. Thank you. Mr. Corley, you reserved some time for a comment. You reserved one minute. Thank you, Your Honor. I think it's very clear the Court can realize that it's unfair to try to adjudicate this case on the facts that we currently have, also because of the precedent that, you know, a plaintiff is not required to combat an affirmative defense in their pleadings. And that's pretty much what the judge has us doing is they're not giving an evidentiary hearing and then just going on a little bit of facts that we do have. And because of the nature in which the judge handled this case, I respectfully ask under Lincoln v. City of New York that it be reassigned to a different justice if possible. And also, I believe there's enough facts based on the e-mail that was received by the Court to conclude that it is timely. I believe the Court can make that conclusion, that it's timely. How can we do that? You know, the attorneys for your adversaries have said it says complaint, and it could be that you were inquiring. So it could be, but just as they can't show that you didn't submit a complaint, on this record, how can the Court say, well, what that e-mail was about was the complaint, was sending the complaint? Well, okay. I mean, it could be up for, well, also the Court can take into consideration what's in the complaint as far as the time that we left the hospital. So it's still in dispute, January 23rd, 24th. But I do request that the Court consider reassigning to a different justice, district court. Thank you very much.  And, Mr. Corley, what that means is you will get a decision from us in due course after this day.